**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CARDNO INTERNATIONAL PTY LTD.,
CARDNO HOLDINGS PTY LTD., and
CARDNO LTD. ACN 108 112 303,

          Plaintiffs,

v.

Case No. _____

CARLOS DIEGO FERNANDO JÁCOME
MERINO, EDUARDO JÁCOME MERINO,
RAFAEL ALBERTO JÁCOME VARELA, and
GALO ENRIQUE RECALDE MALDONADO,

          Defendants.

**PLAINTIFFS' PETITION TO CONFIRM INTERNATIONAL ARBITRATION AWARD**
**AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs, Cardno International PTY Limited, Cardno Holdings PTY Limited, and Cardno Limited ACN 108 112 303 (collectively, "Cardno"), by and through their undersigned attorneys, hereby submit their Petition to Confirm International Arbitration Award and Memorandum of Law in Support (the "Petition"), relating to the award issued in International Centre for Dispute Resolution case #01-15-0003-2132. Cardno's Petition is supported by an incorporated memorandum of law and the following allegations:

**INTRODUCTION**

1.      In late 2012 Cardno purchased Caminosca, S.A. ("Caminosca"), an Ecuadorian engineering firm owned by Defendants. At that time, Cardno did not know, and Defendants concealed, that Defendants had engaged in a complex bribery scheme to bribe Ecuadorian government officials in order to win government contracts for Caminosca—which was a clear violation of the parties' Share Purchase Agreement. After discovering and investigating Defendants' well-hidden and intricate scheme some time later, Cardno filed claims in

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

international arbitration seeking rescission of the acquisition.  The arbitral tribunal concluded that Defendants' bribery scheme went to the heart of the parties' deal and left Cardno with no adequate remedy at law; accordingly, the tribunal granted Cardno's request to rescind the acquisition.  The tribunal further awarded Cardno its legal, expert, and administrative fees incurred in prosecuting the arbitration.  In sum, the arbitral award orders Defendants to (1) pay Cardno $14,829,243.26, plus interest at the statutory rate from October 26, 2017, and (2) return to Cardno all shares of Cardno stock transferred to Defendants as part of the deal; and orders Cardno to return to Defendants all Caminosca shares, property, and operational and management control.  Cardno respectfully requests that the Court confirm the arbitral award in furtherance of its recognition and enforcement.

## PARTIES

2.      Plaintiffs Cardno International PTY Ltd. and Cardno Holdings PTY Ltd. are foreign corporations organized and existing under the laws of Australia, having their corporate headquarters at Level 11, North Tower, 515 St. Paul's Terrace, Fortitude Valley, Queensland 4006, Australia.  Cardno International PTY Ltd. and Cardno Holdings PTY Ltd. operate in the United States as Cardno, Inc., a Texas corporation with its corporate headquarters and principal place of business at 5252 Westchester Street, Suite 250, Houston, Texas 77005.  Plaintiff Cardno Ltd. ACN 108 112 303 is a foreign public corporation, traded on the Australian Stock Exchange (ASX ticker symbol: CDD), having its corporate headquarters at Level 11, North Tower, 515 St. Paul's Terrace, Fortitude Valley, Queensland 4006, Australia.

3.      Defendants, Carlos Diego Fernando Jácome Merino, Eduardo Jácome Merino, Rafael Alberto Jácome Varela, and Galo Enrique Recalde Maldonado (collectively, "Defendants," and, together with Cardno, the "Parties"), are individual Ecuadorian nationals,

each residing in or around Quito, Ecuador.

## JURISDICTION AND VENUE

4.     Cardno's Petition seeks confirmation of the international arbitral award attached as Exhibit "A" (the "Award") in furtherance of its recognition and enforcement, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA") and the Inter-American Convention on International Commercial Arbitration, Jan. 30, 1975, 1438 U.N.T.S. 245, O.A.S.T.S. No. 42, 14 I.L.M. 336 (effective for the United States on Oct. 27, 1990), reprinted in 9 U.S.C.A. in conjunction with § 301 *et seq.* (the "Convention" or the "Panama Convention"). [1]   *See* 9 U.S.C. § 9 (App'x at 4); *see generally* Convention (App'x at 7–8).   This Court has original jurisdiction over the subject matter of this action under 9 U.S.C. § 203 (App'x at 6) (incorporated by 9 U.S.C. § 302, App'x at 7) and 28 U.S.C. § 1331.

5.     This Court has personal jurisdiction pursuant to the Share Purchase Agreement entered into by the Parties and effective December 18, 2012 (the "SPA"), relevant excerpts from which are attached as Exhibit "B".

6.     Venue is proper in this Court under 9 U.S.C. § 204 (App'x at 6), incorporated in this Panama Convention enforcement action by 9 U.S.C. § 302 (App'x at 7).

## FACTUAL BACKGROUND

### *The Arbitration Proceeding*

7.     This proceeding arises from an international arbitration brought by Cardno against Defendants [2] pursuant to the SPA.   The Parties' agreement to arbitrate is found in Article 12.11, which provides:

---

[1] Plaintiffs include in the Appendix hereto copies of the U.S. statutes and treaties regarding arbitration that are referenced herein.

[2] Cardno asserted claims in the arbitration proceeding against certain individuals in addition to Defendants, but was awarded relief only as against Defendants and therefore names only Defendants in this action to enforce the arbitral award.

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

> Any claim or dispute arising out of or related to this Agreement, or the interpretation, making, performance, breach or termination thereof, shall . . . be finally settled by binding arbitration in Miami, Florida, in accordance with the then current Commercial Arbitration Rules of the American Arbitration Association and judgment upon the award rendered may be entered in any court having jurisdiction thereof.

Ex. B, SPA at CARDNO-48-49 (§ 12.11).

8.      On April 14, 2015, Cardno submitted its claims to international arbitration by filing its Initial Demand for Arbitration and serving Defendants.  On May 6, 2015, Defendants filed Respondents' Answering Statement.  The Parties amended their Demand for Arbitration and Answering Statement, respectively, during the course of the arbitration.  The proceeding was captioned Cardno International Pty Ltd., Cardno Holdings Pty Ltd., and Cardno Limited ACN 108 112 303 vs. Carlos Diego Fernando Jácome Merino, Eduardo Jácome Merino, Rafael Alberto Jácome Varela, Galo Enrique Recale Maldonado, Maria Del Carmen Moreano Barragan, and Patricia Rosero Garces.[3]  The International Centre for Dispute Resolution, the international arm of the American Arbitration Association, was chosen to assist in the administration of the arbitration in Miami, Florida, and the dispute was assigned case number 01-15-0003-2132 (the "Arbitration").

9.      Under the SPA, Cardno agreed to purchase all of the shares of Caminosca, an Ecuadorian engineering firm owned by Defendants.  The primary relief Cardno sought in the Arbitration was rescission of the SPA.  In short, Cardno requested that the Tribunal undo Cardno's acquisition of Caminosca from Respondents, returning Caminosca to the Respondents and the money expended by Cardno to Cardno.  In the alternative, Cardno sought money damages under various legal theories.

---

[3] As referenced in note 2, *supra*, Cardno's Initial Demand for Arbitration included two additional Respondents who were subsequently dropped from the proceeding.  The tribunal's Award was issued under the caption set forth above, which identifies only the six Respondents ultimately named by Cardno in the proceeding.

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

10.     Respondents contended that Cardno was entitled to no relief.  Alternatively, they argued that if any relief were to be awarded to Cardno, it was entitled to money damages alone, but not rescission.

11.     The Parties were represented by counsel during the Arbitration.  The arbitral tribunal was constituted by three esteemed arbitrators (the "Tribunal") and the Tribunal conducted the Arbitration in accordance with the arbitration rules agreed by the Parties.  The arbitral proceedings lasted more than two years, and included extensive document production, numerous written submissions by the Parties, the presentation of fact and expert witnesses, a six-day oral hearing, and extensive written post-hearing submissions.  The final hearing was held from July 18 through July 22, 2016, with closing argument on August 2, 2016.

*The Award*

12.     The Tribunal issued its First Partial Arbitration Award on November 22, 2016, deciding all factual and legal issues related to the merits of Plaintiffs' claims and Defendants' defenses, and reserving arbitral jurisdiction as to only two outstanding issues.  Ex. A, Merits Award at 1.  The Tribunal's November 22, 2016 First Partial Arbitration Award is referred to herein as the "Merits Award."

13.     After the Merits Award was issued, Defendants moved to modify the award to protect the anonymity of certain third-parties referenced therein, due to the evidence relating to public corruption.  The Tribunal decided to incorporate the modifications agreed-to by the parties into a redacted version of the Merits Award.  The redacted award was issued on April 27, 2017, and relates back nunc pro tunc, by agreement of the parties, to the issuance of the Merits Award on November 22, 2016.  Ex. A, Merits Award at 1.  The form of Award attached as Exhibit A includes the redacted form of the Merits Award contemplated by the Parties to be used when

making a public filing.

14.    In the Merits Award the Tribunal ordered that:

The Shareholders [Defendants] shall return the following to Cardno:

    i.    $11,903,856 in cash paid by Cardno to Shareholders, comprised of the following:

- $8,991,229 in cash payments from Cardno to the Shareholders as part of the SPA purchase;

- $2,680,000 in cash payments from Cardno to the Shareholders as part of the SPA Earn-Out provision; and

- $232,627 in cash payments from Cardno to the Shareholders as part of Cardno stock dividends.

    ii.    Return of nearly 900,000 Cardno shares transferred to the Shareholders by Cardno as part of the SPA purchase and the Earn Out. . . .; [and]

Cardno shall return the following to the Shareholders:

    i.    All Caminosca shares and all Caminosca property; [and]

    ii.    Operational and management control of Caminosca; and

    iii.    Any and all net benefits Cardno has received.  Cardno may off-set any said benefits against any monies owed to it by the Shareholders. . . .[4]

Ex. A, Merits Award at 122.

15.    The parties briefed the specific issues on which the Tribunal had reserved ruling

---

[4]In its Final Arbitration Award, the Tribunal addressed the return of "[a]ny and all net benefits Cardno has received", and concluded that $192,738.26 in loan interest payments and $1,500,000 in dividends that Cardno received from Caminosca were benefits to Cardno.  Ex. A, Costs Award at 38–41.  The Tribunal ordered that these amounts be set off against the $11,903,856 in cash that the Shareholders were ordered to repay Cardno pursuant to the Merits Award.  Ex. A, Costs Award at 38, 41.

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

in the Merits Award—costs to be recovered by Cardno, and any net benefits to Cardno from the acquisition that must be accounted for in rescinding the deal.  The Tribunal issued its Final Arbitration Award on October 26, 2017, which addressed these specific issues and denied other requests for relief raised by each of the parties subsequent to the entry of the Merits Award.  The Tribunal's October 26, 2017 Final Arbitration Award is referred to herein as the "Costs Award."

16.     In an exercise of its authority to award attorneys' fees pursuant to the governing procedural rules because both parties requested such an award, the Tribunal ordered Defendants to bear Cardno's attorneys' fees and costs in the Arbitration in the amount of $2,641,820.64.  Ex. A, Costs Award at 17, 28, 40 (awarding fees and costs pursuant to Rule 47(d)(ii) of the American Arbitration Association's Commercial Arbitration Rules amended and effective October 1, 2013).  In addition, the Tribunal exercised its discretion under the applicable procedural rules to award Cardno expert fees and costs totaling $1,685,317.67.  Ex. A, Costs Award at 30–33, 40 (awarding experts fees and costs for the services of Ernst & Young [investigation and forensics expertise], Corral Rosales Carmigniani Pérez [Ecuadorian legal expertise], and Berkowitz Pollack Brant [damages expertise] pursuant to Rules 47(c) and 54).  The Tribunal further ordered that Defendants reimburse Cardno $290,987.21 for Cardno's share of the fees for the arbitrators and the administrative expenses of the International Centre for Dispute Resolution.  Ex. A, Costs Award at 41.  Finally, pursuant to applicable procedural rules and Florida law, the Tribunal awarded Cardno interest at the rate of 5.35% per annum from October 26, 2017, on all amounts awarded in its favor.  Ex. A, Costs Award at 39–41  (awarding interest pursuant to Rule 47, at the statutory rate under Fla. Stat. § 55.03).

17.     The Tribunal denied all other requests for relief by the parties not expressly addressed in the Costs Award, Ex. A, Costs Award at 41, and the matter was closed.

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITION TO CONFIRM INTERNATIONAL ARBITRATION AWARD

### *Introduction*

18.    Upon the submission of the duly authenticated copies of the Award and the Parties' agreement to arbitrate, Cardno is entitled to confirmation of the Award in furtherance of its recognition and enforcement.  Under the Panama Convention,

> An arbitral decision or award that is not appealable under the applicable law or procedural rules shall have the force of a final judicial judgment.  Its execution or recognition may be ordered in the same manner as that of decisions handed down by national or foreign ordinary courts, in accordance with the procedural laws of the country where it is to be executed and the provisions of international treaties.

Panama Convention, art. 4 (enforced in United States courts pursuant to 9 U.S.C. § 301 *et seq.*) (App'x at 51).  "The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207 (incorporated pursuant to 9 U.S.C. § 302) (App'x at 7).  A copy of the Award, as authenticated and transmitted by the Tribunal and comprising both the Merits Award and the Costs Award, is submitted herewith as Exhibit A.  The Parties' agreement to arbitrate is found in Article 12.11 of the SPA, submitted herewith as Exhibit B.

### *Applicable Law*

19.    This proceeding to enforce the Award falls under the Panama Convention, which is enforced in United States courts pursuant to 9 U.S.C. § 301 *et seq.*  Under 9 U.S.C. § 302, the Panama Convention incorporates by reference certain provisions of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (9 U.S.C. § 201 *et seq.*), including 9 U.S.C. § 202, which covers any "arbitral award arising out of a legal relationship," which is considered "commercial, including a transaction, contract, or agreement described in section 2" and not "entirely between citizens of the United States."  Because certain

actions may seemingly fall under both the Panama Convention and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, Title 9, Section 305 provides:

> When the requirements for application of both the Inter-American Convention and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, are met, [then . . . i]f a majority of the parties to the arbitration agreement are citizens of a State or States that have ratified or acceded to the Inter-American Convention and are member States of the Organization of American States, the Inter-American Convention shall apply.

9 U.S.C. § 305(1) (App'x at 7).  The Panama Convention thus applies here as the majority of parties to the SPA's arbitration agreement are citizens of Ecuador, a State that has ratified the Panama Convention. [5]  *See* App'x at 55 (signature of Panama Convention by Ecuador's government representative).

20.    The Panama Convention provides that "arbitral decisions or awards made in the territory of a foreign State shall, on the basis of reciprocity, be recognized and enforced under this chapter only if that State has ratified or acceded to the Inter-American Convention." 9 U.S.C. § 304 (App'x at 7).  The Convention's "reference to 'a territory of a foreign State' includes the United States, such that awards rendered in the United States are not excluded from the court's jurisdiction."  *Nicor Int'l Corp. v. El Paso Corp.*, 292 F. Supp. 2d 1357, 1372 (S.D. Fla. 2003).  The Award here was made in Miami, Florida, and thus made in the United States, which is a signatory to the Panama Convention.  *See* App'x at 55 (signatures of Panama Convention by government representatives of the United States); Ex. A, Merits Award at [Tribunal's signature page] ("[T]his Redacted First Partial Arbitration Award was executed in Miami-Dade County, Florida . . . ."); Costs Award at 41 ("[T]his Final Arbitration Award was made in Miami-Dade County, Florida . . . .").

---

[5] In respect of enforcement matters, the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38 (effective for the United States on Dec. 29, 1970), reprinted in 9 U.S.C. in conjunction with § 201 *et seq.*, and the Panama Convention are substantially identical.

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

21.     Because the Award "was made in a nation that is a signatory of the Inter-American Convention, [it] is entitled to be recognized and enforced, unless an appropriate exception for non-recognition applies."  *Nicor*, 292 F. Supp. 2d at 1372 (citing 9 U.S.C. § 304). "In 9 U.S.C. § 301, section 207 of the FAA is incorporated by reference and applied to Panama Convention awards."  *Empresa De Telecommunicaciones De Bogota S.A. E.S.P. v. Mercury Telco Grp., Inc.*, 670 F. Supp. 2d 1357, 1361 (S.D. Fla. 2009).  Section 207 provides that confirmation of an arbitral award falling under the Convention is mandatory "unless [a court] finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."  9 U.S.C. § 207 (<u>App'x</u> at 7).  The Supreme Court has advised accordingly that "[t]he goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974) (cited in Panama Convention case, *Empresa*, 670 F. Supp. 2d at 1361); *see also Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte*, 141 F.3d 1434, 1440 (11th Cir. 1998) ("The Convention, and American enforcement of it through the FAA, provide businesses with a widely used system through which to obtain domestic enforcement of international commercial arbitration awards resolving contract and other transactional disputes, subject only to minimal standards of domestic judicial review for basic fairness and consistency with national public policy.") (internal quotation marks and citation omitted).  Therefore, "[c]onfirmation of an arbitration award under the Panama Convention is a summary proceeding."  *Empresa*, 670 F. Supp. 2d at 1361.

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

22. The grounds enumerated in the Panama Convention are "the exclusive defenses against enforcement of a foreign arbitral award."[6] *Nicor*, 292 F. Supp. 2d at 1373 (citing *Indus. Risk*, 141 F.3d at 1445–46).

23. None of the Panama Convention's enumerated and exclusive grounds to refuse recognition and enforcement of an arbitral award applies here as

      a.    the Parties are of legal capacity and their arbitration agreement is valid (*contra* Convention, art. V(1)(a));

      b.    Defendants were given proper notice of the arbitration proceedings and participated fully in presenting their defense (*contra* Convention, art. V(1)(b));

---

[6]Article 5 reads:

1. The recognition and execution of the decision may be refused, at the request of the party against which it is made, only if such party is able to prove to the competent authority of the State in which recognition and execution are requested:

    a.   That the parties to the agreement were subject to some incapacity under the applicable law or that the agreement is not valid under the law to which the parties have submitted it, or, if such law is not specified, under the law of the State in which the decision was made; or

    b.   That the party against which the arbitral decision has been made was not duly notified of the appointment of the arbitrator or of the arbitration procedure to be followed, or was unable, for any other reason, to present his defense; or

    c.   That the decision concerns a dispute not envisaged in the agreement between the parties to submit to arbitration; nevertheless, if the provisions of the decision that refer to issues submitted to arbitration can be separated from those not submitted to arbitration, the former may be recognized and executed; or

    d.   That the constitution of the arbitral tribunal or the arbitration procedure has not been carried out in accordance with the terms of the agreement signed by the parties or, in the absence of such agreement, that the constitution of the arbitral tribunal or the arbitration procedure has not been carried out in accordance with the law of the State where the arbitration took place; or

    e.   That the decision is not yet binding on the parties or has been annulled or suspended by a competent authority of the State in which, or according to the law of which, the decision has been made.

2. The recognition and execution of an arbitral decision may also be refused if the competent authority of the State in which the recognition and execution is requested finds:

    a.   That the subject of the dispute cannot be settled by arbitration under the law of that State; or

    b.   That the recognition or execution of the decision would be contrary to the public policy (*ordre public*) of that State.

Panama Convention, art. 5 (App'x at 52).

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

c.   the Award resolves a dispute of the Parties that falls squarely within the terms of their submission to arbitration and contains decisions only on matters within the scope submitted to arbitration (*contra* Convention, art. V(1)(c));

d.   the constitution of the Tribunal and the arbitral procedures utilized were in accord with the Parties' agreement (*contra* Convention, art. V(1)(d));

e.   the Award is final and binding on the Parties and has not been set aside by any competent authority (*contra* Convention, art. V(1)(e));

f.   the subject matter of the Parties' dispute is capable of settlement by arbitration under U.S. law (*contra* Convention, art. V(2)(a)); and

g.   the recognition and enforcement of the Award is consistent with the "emphatic federal policy in favor of arbitral dispute resolution" in the United States, *Mitsubishi*, 473 U.S. at 631 (*contra* Convention, art. V(2)(b)).

24.   Nor does any ground for vacatur under Section 10 of the Federal Arbitration Act apply:  The Award was not procured by corruption, fraud, or undue means; the Tribunal was impartial, uncorrupted, and engaged in neither misconduct nor misbehavior that prejudiced any party; and the Tribunal acted only within its powers and properly executed them in making a mutual, final, and definite award upon the subject matter submitted.  *Contra* 9 U.S.C. § 10(a) (App'x at 4).

25.   Moreover, notice of any motion to vacate, modify, or correct an award was required to be served within three months after the award was filed or delivered.  9 U.S.C. § 12 (App'x at 5).  The Eleventh Circuit has held that "the failure of a party to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 of the United States Arbitration Act bars him from raising the alleged invalidity of the award as a defense in opposition to a motion brought under section 9 of the USAA to confirm the award."  *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989).  Here, the Merits Award was entered on November 22, 2016, and no such notice has been served to-date;

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

accordingly, Defendants have waived any right to object to enforcement of the Merits Award.

26.    The basic commitment undertaken by the contracting States of the Panama Convention, including the United States, is to recognize arbitral awards as binding.  *See* Panama Convention, art. 4 (App'x at 51) (incorporated pursuant to 9 U.S.C. § 301, App'x at 7) ("An arbitral decision or award that is not appealable under the applicable law or procedural rules shall have the force of a final judicial judgment."); 9 U.S.C. § 304 (App'x at 7) ("Arbitral decisions or awards made in the territory of a foreign State shall, on the basis of reciprocity, be recognized and enforced under this chapter only if that State has ratified or acceded to the Inter-American Convention.").  All issues of fact and law having been properly submitted to and decided by the Tribunal in its Award, Cardno requests that the Court enter an order confirming the Award pursuant to 9 U.S.C. § 304 and 9 U.S.C. § 9 (App'x at 7, 4) in furtherance of its recognition and enforcement.

## REQUEST FOR RELIEF

27.    The Award falls under the Panama Convention because (1) it is an "arbitral award arising out of a legal relationship," which is considered "commercial, including a transaction, contract, or agreement described in section 2" and not "entirely between citizens of the United States" (9 U.S.C. § 202) (incorporated pursuant to 9 U.S.C. § 302) (App'x at 7); and (2) the majority of parties to the SPA's arbitration agreement are citizens of Ecuador, a State that has ratified the Panama Convention (9 U.S.C. § 305(1) (App'x at 7).  The Panama Convention is enforced in U.S. courts pursuant to 9 U.S.C. § 301 *et seq.*

28.    Under 9 U.S.C. § 207, incorporated pursuant to 9 U.S.C. § 302 (App'x at 7), a party is required to apply for an order confirming an arbitral award falling under the Convention within three years after the award is made.  Cardno has satisfied this requirement.

29.     Additionally, under 9 U.S.C. § 12 (App'x at 5), Defendants failed to serve notice of any motion to vacate, modify, or correct the Merits Award within three months after it was filed, and thus have waived any such objection.

30.     The Award was made in the United States, a signatory to the Panama Convention, and thus must be recognized and enforced under 9 U.S.C. § 304 (App'x at 7) unless an enumerated ground for refusal or deferral of recognition and enforcement under the Panama Convention applies.

31.     None of the grounds for refusal or deferral of the Award set forth in Article 5 of the Panama Convention or 9 U.S.C. § 10 (App'x at 4) applies.  Accordingly, pursuant to the Panama Convention and 9 U.S.C. § 304 (App'x at 7), the Award  "shall have the force of a final judicial judgment" and "shall . . . be recognized and enforced".

32.     No prior request has been made for the relief sought herein.

33.     All conditions precedent to the relief requested have occurred or have otherwise been waived or excused.

## CONCLUSION AND PRAYER

WHEREFORE, Cardno prays that:

a.      The Court enter an Order, pursuant to 9 U.S.C. § 304, recognizing and enforcing the Award against Defendants, Carlos Diego Fernando Jácome Merino, Eduardo Jácome Merino, Rafael Alberto Jácome Varela, and Galo Enrique Recalde Maldonado;

b.      The Court enter judgment on the Award in favor of Cardno and against Defendants in the amount of **$14,829,243.26**, plus interest at the statutory rate from October 26, 2017, and further order as follows:

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

       i.      Defendants shall return to Cardno all shares of Cardno stock transferred to Defendants as part of the SPA purchase and the Earn Out;[7]

       ii.     Cardno shall return to Defendants all Caminosca shares and all Caminosca property, and operational and management control of Caminosca.

c.      Cardno be awarded attorneys' fees, costs, and disbursements incurred in bringing this Petition; and

d.      Cardno be awarded such other and further relief as the Court deems just and proper.

---

[7]Cardno transferred to Defendants 722,051.6 shares of Cardno stock as part of the SPA purchase and an additional 215,220.7 shares of Cardno stock in connection with the Earn Out under the SPA.

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

Dated:  October 30, 2017                    Respectfully submitted,


                                      By:    */s/  William V. Roppolo*
                                            William V. Roppolo
                                            Florida Bar No. 182850
                                            William.Roppolo@bakermckenzie.com
                                            Luis M. O'Naghten
                                            Florida Bar No. 622435
                                            Luis.ONaghten@bakermckenzie.com
                                            Eugenie R. Rogers (*application for
                                               admission pending*)
                                            Florida Bar No. 1003522
                                            Eugenie.Rogers@bakermckenzie.com

                                            BAKER & McKENZIE LLP
                                            1111 Brickell Avenue, Suite 1700
                                            Miami, Florida 33131
                                            Telephone:  (305) 789-8900
                                            Facsimile:   (305) 789-8953

                                            *Attorneys for Plaintiffs Cardno International
                                            PTY Ltd., Cardno Holdings PTY Ltd., and
                                            Cardno Ltd. ACN 108 112 303*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 30, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  A true and correct copy of the foregoing document was served this day on all counsel of record identified on the Service List below, via email and FedEx.

*/s/  William V. Roppolo*

William V. Roppolo

## <u>SERVICE LIST</u>

**CARDNO INTERNATIONAL PTY LTD.,**
**CARDNO HOLDINGS PTY LTD., and CARDNO LTD. ACN 108 112 303,**
**v.**
**CARLOS DIEGO FERNANDO JÁCOME MERINO, EDUARDO JÁCOME MERINO,**
**RAFAEL ALBERTO JÁCOME VARELA, and GALO ENRIQUE RECALDE**
**MALDONADO**

Carlos A. Souffront, Esq.
Juan C. Martinez, Esq.
Veronica A. Meza, Esq.
Gray Robinson, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile:  (305) 416-6887
carlos.souffront@gray-robinson.com
juan.martinez@gray-robinson.com
veronica.meza@gray-robinson.com

Rafael Recalde, Esq.
Recalde Law Firm, P.A.
10800 Biscayne Blvd., Suite 988
Miami, FL 33161
Telephone: (305) 792-9100
Facsimile:  (305) 517-1407
rafael@recaldelaw.com

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900