United States District Court
for the
Southern District of Florida

Cardno International PTY, Ltd. and others, Plaintiffs, )
)
)
v. )  Civil Action No. 17-23964-Civ-Scola
)
Carlos Diego Fernando Jacome Merino and others, Defendants. )
)

### Omnibus Order

Cardno International PTY, Ltd., Cardno Limited ACN 108 112 303, and Cardno Holdings PTY, Ltd. (collectively "Cardno") initiated this action against Carlos Diego Fernando Jacome Merino, Eduardo Jacome Merino, Rafael Alberto Jacome Varela, and Galo Enrique Recalde Maldonado (collectively the "Caminosca Shareholders"), seeking confirmation of an international arbitration award. (Pls.' Pet., ECF No. 1.) Defendants Carlos Diego Jacome, Eduardo Jacome, and Galo Recalde (collectively the "Defendants") responded to Cardno's petition (Defs.' Resp., ECF No. 17) and at the same time filed their own petition to vacate the award (Defs.' Pet., ECF No. 16). Defendant Alberto Jacome died prior to Cardno's filing of its petition and, therefore, was never served. The Court thus confirmed the award, dismissed decedent Alberto Jacome from the case, and afforded Cardno the opportunity to substitute Alberto Jacome's estate, or estate administrator, as a party in this case. (ECF No. 39.) It appears Cardno has attempted to serve the estate by delivering a summons and a copy of Cardno's petition to confirm the arbitration award to movant Servicio de Gestión Inmobiliaria del Sector Público Inmobiliar's ("Inmobiliar") office in Quito, Ecuador. (Movant's Mot. To Dismiss, ECF No. 49-1, 10.) Inmobiliar asks the Court to dismiss this case against it based on a lack of subject-matter jurisdiction, a lack of personal jurisdiction, forum non conveniens grounds, and Inmobiliar's lack of status as either a representative of the estate or a distributee of the estate. At the same time, Cardno seeks leave of court to effect substituted service on either Alberto Jacome's former attorney or the designated shareholders' representative under the share purchase agreement that was at issue in the underlying arbitration. (Pls.' Mot. for Leave to Effect Substituted Serv., ECF No. 50.) For the reasons that follow, the Court **grants** the motion to dismiss (**ECF No. 46**) and **denies** Cardno's motion for leave to effect substituted service (**ECF No. 50**.)

### 1. Inmobiliar's Motion to Dismiss

As an agent or instrumentality of Ecuador, Inmobiliar submits it is immune from suit under the Foreign Sovereign Immunities Act. Under section 1604 of the FSIA, "a foreign state [defined in Section 1063(a) to include an instrumentality or agency of a foreign sovereign] *shall* be immune from the jurisdiction of the courts of the United States and of the States" unless one of the limited exceptions enumerated in Sections 1605 to 1607A of the FSIA applies. 28 U.S.C. § 1604 (emphasis added). If no exception applies, courts in the United States are without subject-matter jurisdiction. *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993); *S & Davis Int'l, Inc. v. The Republic of Yemen*, 218 F. 3d 1292, 1300 (11th Cir. 2000) ("To establish subject matter jurisdiction under the FSIA, a plaintiff must overcome the presumption that the foreign state is immune from suit in the United States' courts. In order to overcome the presumption of immunity, a plaintiff must prove that the conduct which forms the basis of its complaint falls within one of the statutorily defined exceptions."). Cardno does not dispute that Inmobiliar is an agent or instrumentality of Ecuador and has not identified any of the limited exceptions to foreign sovereign immunity. Instead, devoid of any legal support, Cardno simply maintains the FSIA does not apply. Without more, the Court is not persuaded and agrees with Inmobiliar that the Court lacks subject-matter jurisdiction over it. Because the Court finds Inmobiliar is immune from suit, it declines to address its other arguments regarding personal jurisdiction, its status as the proper party, or forum non conveniens.

### 2. Leave to Substitute Parties

On May 31, 2018, Cardno sought leave to substitute Alberto Jacome's estate as a party to this action under Federal Rule of Civil Procedure 25. (Pl.'s Mot., ECF No. 35.) The Court granted Cardno's motion in error. (ECF No. 39.) Rule 25 authorizes the substitution of proper parties when an existing party dies *after* a suit is commenced. *See United States v. Estate of Schoenfeld*, 344 F. Supp. 3d 1354, 1363 (M.D. Fla. 2018) (noting that "Rule 25 contemplates substitution for someone who had been made a party to the action before his death") (quotations and alterations omitted). The Court therefore vacates it order granting Cardno's motion for leave to substitute under Rule 25. Instead, the Court affords Cardno the opportunity to amend its complaint to join a party who has the capacity to be sued and who properly represents the estate as set forth in Federal Rule of Civil Procedure 17. As set forth in Rule 17, Florida law determines a party's capacity to be sued. Fed. R. Civ. P. 17(b) (with respect to an individual who is acting in a representative capacity,

"[c]apacity to . . . be sued is determined . . . by the law of the state where the court is located"); *Schoenfeld*, 344 F. Supp. 3d at 1367 ("An estate's capacity to be sued is determined by the law of the state where the court is located.") (quotation omitted). And "[u]nder Florida law, it is well-settled that an 'Estate' is not an entity that can be a party to litigation." *Schoenfeld*, 344 F. Supp. 3d at 1367 (quotations omitted). Cardno must thus file a motion to amend its petition, dismissing decedent Alberto Jacome from the petition and joining the proper party as a representative of Alberto Jacome's estate. In naming the proper party in in its motion to amend, Cardno must present documentation that establishes it has identified a lawfully designated representative of the estate, upon whom Cardno will be able effect service, and who may properly defend against this action.

In light of the above analysis, the Court denies Cardno's motion for leave to effect substituted service. Cardno has not yet identified the party it seeks to sue in place of decedent Alberto Jacome. Therefore, there is no individual or entity yet to be served. In the event Cardno succeeds in identifying the proper party, amending its petition accordingly, and then is still unable to effect service on that party, it may seek leave to effect substituted service anew.

### 3. Conclusion

The Court **grants** Inmobiliar's motion to dismiss (**ECF No. 46**) and **denies** Cardno's motion for leave to effect substitute service (**ECF No. 50**). The Court also **vacates** its order granting Cardno leave to substitute parties. (**ECF No. 39**.) In its stead, the Court affords Cardno **180 days** from the date of this order to file a motion to amend its complaint, as described in more detail above, once Cardno has identified a lawfully designated representative of Alberto Jacome's estate upon whom it will be able to effect service and who may properly defend against this action. In the meantime, Cardno must file a status report every 60 days, detailing the efforts it has made to comply with the 180-day deadline.

**Done and ordered** at Miami, Florida on July 2, 2019.

Robert N. Scola, Jr.
United States District Judge